**UNITED AIRLINES, INC.,**
**Plaintiff–Appellee.**

v.

**BANK OF NEW YORK, not individually, but as Successor Trustee**
**Defendant–Appellant.**

No. 05–1682.

United States Court of Appeals,
Seventh Circuit.

Sept. 12, 2005.

558

James H.M. Sprayregen, Kirkland & Ellis, Chicago, IL, for Plaintiff–Appellee.

Nathan F. Coco, McDermott, Will & Emery, Chicago, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

### Order

Our order resolving this case on the merits observed that the Indenture Trustee had been offered, and declined, two opportunities to explain its legal position. In a petition for rehearing filed September 1, 2005, the Trustee at last sketches a legal argument. This comes too late and may be rejected on that ground alone.

What is more, the legal contention is unavailing on the merits. The Trustee's sole argument is that, because the New York City Industrial Development Authority is not authorized to loan money, the transaction must be a "lease" even if its economic attributes would lead to a classification as a secured loan under generally applicable state law. As we explained in the San Francisco decision, however, any body of state law that allows form to prevail no matter what the substance of the transaction would be preempted. *United Airlines, Inc. v. HSBC Bank USA, N.A.,* 416 F.3d 609, ——, slip op. at 10 (7th Cir.2005) ("A state law that identified a 'lease' in a formal rather than a functional manner would conflict with the Code, because it would disrupt the federal system of separating financial from economic distress"). Because the Trustee's sole argument is that nomenclature always wins (at least for transactions to which the Indus-

---

trial Development Authority is a party), the contention cannot prevail.

The petition for rehearing is denied.